*H. B. Hendershott,* for appellee.

————•••————

3g 575
107 415

## WINCHESTER *et al. v.* Cox *et al.*

Where the Code provides that a copy of notice may be left at defendant's usual place of residence, it is not sufficient to leave the copy with a clerk at the store of defendant. But such defect is cured by appearance.

Where a party appears in a case, it is an appearance to the notice as well as to the writ of attachment.

APPEAL *from Polk District Court.*

*Opinion by* GREENE, J. Cox and Shelley sued Winchester and Cole to secure the payment of a promissory note.

It appears that notice of the suit was regularly served upon Winchester, by leaving a certified copy at his dwelling, but the service upon Cole was "by delivering a certified copy of the same at the store of L. D. Winchester & Co., with David Ayers, he being over fourteen years of age, and being clerk for said Winchester & Cole, informing him of the contents of the same."

The Code, § 1721, provides that, "the service is to be made by reading the notice to defendant, and giving him a copy, if demanded. If not found, he may be served by a copy left at his usual place of residence with some member of the family, more than fourteen years of age." In this case the service was neither upon the defendant, nor yet at his usual place of residence. A store can hardly be regarded as the usual residence of a party, and if it is his usual residence, his only home, the officer's return should state the fact. Judgment was rendered against Cole as well as Winchester, and he now seeks to reverse it, on the ground of defective service; and the judgment, as to Cole, would be reversed if the record in the case did not sufficiently show a general appearance of both parties by their attorneys. The transcript states that defendants, by counsel, came and filed a motion to dismiss the attachment. It also states that the "*cause* came on to be heard, on motion filed by defendants to dismiss the attachment, and was argued by counsel," &c. It states, too, that "the cause then came on to be heard on the merits, and was submitted to the court, and after examining all the evidence," &c. These statements from the record sufficiently establish a *general* appearance. If it had been Cole's intention to appear only to the attachment branch of the suit, and not to the case itself, he might have had such special appearance entered of record. But there is no such reservation in the entries. Counsel appear generally for both defendants. When the cause came on to be heard arguments were made to the motion, and evidence submitted on the

merits; and there is nothing to show that defendant's attorney at any time withdrew from the cause.

Where a party appears to a cause it is an appearance to the notice or summons, as well as to the writ of attachment. This point was settled in *Graves* v. *Cole*, 2 G. Greene, 467.

We conclude, then, that the court below did not err in rendering judgment againt Cole.

Judgment affirmed.

*C. Bates*, for appellants.

*Casady & Tidrick*, for appellees.